IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAYSEN SALY, as next friend of
KAYSONE SALY,

                                          ORDER

                 Petitioner,

    v.
                                    26-cv-225-wmc

WARDEN, DOUGLAS COUNTY JAIL, and
UNITED STATES IMMIGRATION & CUSTOMS
ENFORCEMENT,

                 Respondents.

---

Representing himself, Jaysen Saly has filed an emergency petition for a writ of habeas corpus under 28 U.S.C. § 2241 as legal guardian and next friend of his brother, Kaysone Saly, seeking Kayson's release from confinement by U.S. Immigration and Customs Enforcement. (Dkt. #1.) Because representative parties such as next friends may not conduct litigation *pro se*, the court has recruited counsel David L. Wilson of the Wilson Law Group in Minneapolis, Minnesota, to represent the petitioner *pro bono* for the remainder of this civil action. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *Pruitt v. Mote*, 503 F.3d 647, 653-54 (7th Cir. 2007) (en banc) (noting that § 1915(e)(1) confers, at most, discretion "to recruit a lawyer to represent an indigent civil litigant *pro bono publico*"). Accordingly, the court will enter his appearance as *pro bono* counsel for the record for the petitioner.

The next step is for counsel to advise the court whether he intends to file an amended petition. Counsel should contact the Douglas County Jail for purposes of consulting with Kaysone in the preparation of his case whether by phone and/or in person. Counsel should also contact Jaysen Saly, who is Kayson's legal guardian, through his contact information on

file. The court will grant counsel a brief window of time to file an advisory regarding the need for an amended petition, if any, with a proposed date for filing.

Finally, petitioner should appreciate that his counsel took on this representation out of a sense of professional responsibility, which includes representing zealously those clients they take on. Now that he is represented by counsel, petitioner is advised that in return for representation plaintiff, too, has taken on a responsibility. For example, all future communications with the court must be through his attorney of record. Petitioner must also work directly and cooperatively with his attorney, as well as those working at his direction, and must permit him to exercise his professional judgment to determine which matters are appropriate to bring to the court's attention and in what form. Petitioner does not have the right to require counsel to raise frivolous arguments or to follow every directive he makes. On the contrary, petitioner should expect his counsel to tell him what he *needs* to hear, rather than what he might prefer to hear, and understand that the rules of professional conduct may preclude counsel from taking certain actions or permitting petitioner from doing so.

## ORDER

IT IS ORDERED that the clerk's office enter David L. Wilson of the Wilson Law Group as petitioner's *pro bono* counsel of record. Wilson should advise the court by Monday April 6, 2026, whether he will file an amended petition and, if so, the date he plans to file that pleading.

Entered this 24th day of March, 2026.

BY THE COURT:

WILLIAM M. CONLEY
District Judge

2