IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

_____

KAYSONE SALY and JAYSEN SALY,
next friend, brother and legal guardian of Kaysone Saly,

                                                TEMPORARY RESTRAINING
        Petitioners,                                  ORDER

        v.                                       26-cv-225-wmc

TODD BLANCH, et al.

        Respondents.

_____

For reasons more fully articulated at this yesterday's telephonic hearing, at which all parties were represented by counsel, the court finds good cause for equitable relief pending the possible issuance of a preliminary injunction. Specifically, petitioner has shown through his submissions supporting his request for an emergency temporary restraining order (dkt. #21) that he has a subsequent likelihood of success in proving the government lacked authority to detain him under 8 U.S.C. § 1231, especially as petitioner's removal order was issued *in absentia* more than a decade ago and he was never subject to an order of supervision. *See* 8 U.S.C. § 1321(a)(3) ("If the alien … is not removed within the [90-day] removal period, the alien, pending removal, *shall be subject to supervision under regulations prescribed by the Attorney General.*") (emphasis added); *see also Parra v. Favro*, No. 9:26-CV-00363 (AMN), 2026 WL 1030870, at *4 (N.D.N.Y. Apr. 16, 2026) ("Section 1231(a)(6) does not provide Respondents the authority to detain Petitioner

1

years after the *In Absentia* Order became final."); *Diallo v. Joyce*, No. 25-CV-9909 (AS), 2025 WL 3718477, at *1 (S.D.N.Y. Dec. 23, 2025) (same).

In addition, petitioner has shown that he is currently suffering irreparable harm. Specifically, despite his severe mental illnesses and legal incapacitation, the government concedes it moved petitioner *twice* since his initial detention, each such move appearing to be without input from his counsel, legal guardian or mental health providers.  Further, at the telephonic hearing, the government was unable to articulate how petitioner's treatment comported with ICE's own policies, and specifically, ICE Directive 11063.2, which addresses detention for "Individuals with Serious Mental Disorders or Conditions and/or Who are Determined to Be Incompetent by An Immigration Judge."  Under that policy, ICE should have ensured that petitioner was screened for mental illness upon his detention and presented him to an immigration judge for a competency determination.  *Id.* ¶ 2.  In addition, the directive requires ICE to ensure mental health treatment, avoid disruption of care, and work collaboratively with petitioner's attorney and legal guardian.  *Id.* ¶ 2.1, ¶ 5.1. Finally, ICE is required by law to follow its own policies, *United States ex rel. v. Shaughnessy*, 347 U.S. 260, 267–68 (1954), but the government could provide no information to the court about how these policies had been followed here, much less how the articulated public interest in protecting the mentally ill like petitioner balances against the government's interest in a precipitous deportation.

Accordingly, IT IS ORDERED that petitioner's motion for a temporary restraining order (dkt. #21) is GRANTED, and respondents are ORDERED to IMMEDIATELY return petitioner Kaysone Saly to Sherburne County Jail in Elk River, Minnesota, to ensure

a continuity in treatment, including a mental health screening and medication for his diagnosed mental illness.

IT IS FURTHER ORDERED that respondents are TEMPORARILY RESTRAINED from moving petitioner without providing 72 hours notice to his counsel and legal guardian.

IT IS FURTHER ORDERED that respondents are TEMPORARILY RESTRAINED from removing petitioner from the United States without further order of this court.

IT IS FURTHER ORDERED that pursuant to Fed. R. Civ. P. 65(c), petitioner shall not be required to post a bond at this time.

Entered this 5th day of May, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge