IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

_____

KAYSONE SALY, by and through
his legal guardian, Jaysen Saly,

                          Petitioner,                                ORDER

        v.
                                                            26-cv-225-wmc

TODD BLANCHE, Acting U.S. Attorney General,
MARKWAYNE MULLIN, Secretary, U.S.
Department of Homeland Security,
DEPARTMENT OF HOMELAND SECURITY,
TODD LYONS, Acting Director of
Immigration and Customs Enforcement,
IMMIGRATION AND CUSTOMS ENFORCEMENT,
DAVID EASTERWOOD, Director, St. Paul
Field Office, U.S. Immigration and Customs Enforcement, and
MATT IZZARD, Sheriff of Douglas County,

                          Respondents.

_____

Petitioner Kaysone Saly, a non-citizen, was civilly committed by a state court in Minnesota due to his severe mental illness.  His recruited counsel has filed an amended petition for a federal writ of habeas corpus under 28 U.S.C. § 2241, seeking release from confinement by immigration officials pending his removal from the United States pursuant to an order of removal entered against him *in absentia* in 2012.[1]  (Dkt. #11.)  For reasons explained below, the court will give petitioner seven days to provide a reply to respondents' argument that his habeas petition must now be dismissed without prejudice.

On May 5, 2026, the court entered a temporary restraining order that remains in effect, which expressly restrains respondents from removing petitioner from the United States without further order of this court.  (Dkt. #28.)  Subsequently, the court granted the parties' joint

_____

[1] The court greatly appreciates the efforts of counsel David L. Wilson and Gabriela Sophia Anderson of the Wilson Law Group in Minneapolis, both for their willingness to take this case *pro bono* and for the exemplary work they have done on petitioner's behalf.

1

motion to continue a preliminary injunction hearing, pending a ruling by an immigration judge on petitioner's motion to reopen his removal proceedings.  (Dkt. #35.)  Were the motion to reopen granted, the parties further stipulated that the pending habeas corpus petition would become moot because the statutory authority for petitioner's confinement would change.  (Dkt. #34, ¶ 5.)

On June 2, 2026, the immigration judge granted petitioner's motion to reopen his removal proceedings.  (Ex. A to Robinson Decl., *Order of the Immigration Judge*, Dkt. #40-1.)  As a result, petitioner's previous order of removal was vacated and is no longer in effect.  *See Bronisz v. Ashcroft*, 378 F.3d 632, 637 (7th Cir. 2004) ("[T]he grant of a motion to reopen vacates the previous order of deportation or removal and reinstates the previously terminated immigration proceedings."); *see also Bonilla v. Lynch*, 840 F.3d 575, 589 (9th Cir. 2016) (If an alien's motion to reopen is granted, the original order of removal is vacated "as if it never occurred.") (citing *Nken v. Holder*, 556 U.S. 418, 249 n.1 (2009)).  Shortly thereafter, ICE issued an amended Notice to Appear for removal proceedings based on two aggravated felony convictions and two crimes involving moral turpitude:  (1) a conviction for 3rd degree burglary in 1998, which resulted in a sentence of five years' confinement; (2) a conviction for 3rd degree possession of a controlled substance (cocaine) in 2001; (3) a conviction for theft in 1999; and (4) a conviction for forgery in 2004.  (Dkt. #40-2, at 6, 10.)  Because of his criminal record, petitioner is now being detained under 8 U.S.C. § 1226(c), which authorizes mandatory detention for aliens convicted of certain crimes.  (Dkt. #41, at 5.)

Arguing that the authorization for petitioner's detention has shifted with the reopening of his removal proceedings, which are taking place in Minnesota where petitioner is detained, respondents ask the court to dismiss his habeas petition.  (*Id*. at 6.)  Meanwhile, counsel for

petitioner asks the court to grant the amended petition without further hearing and order his release to the Hennepin County Medical Center consistent with a plan for hospitalization that his legal guardian has procured through the Minnesota civil commitment process. (Dkt. # 36.) Specifically, a Hennepin County district court judge revoked petitioner's conditional discharge in his civil commitment case on June 10, 2026, to facilitate his immediate return to the Hennepin County Medical Center's psychiatric ward. (*Id*. at 1; Dkt. #37, Exhs. AA-DD.) Petitioner acknowledges that the statutory basis for his confinement has changed, but disputes that his amended petition in this court has been rendered moot given the constitutional claims raised in his amended petition. Further, petitioner recently represents that respondents now plan to transfer him to a facility in Louisiana, then to Miami for removal, despite this court's temporary restraining order prohibiting removal. (Dkt. #43.)

Respondents do not address petitioner's argument that release is warranted for reasons related to his mental illness and his allegation that he has been denied adequate medication to treat his severe schizophrenia and bipolar disorder. Specifically, petitioner argues that respondents have failed to comply with ICE Policy Directive 11063.2, on "Identification, Communication, Recordkeeping, and Safe Release Planning for Detained Individuals with Serious Mental Disorders or Conditions and/or Who Are Determined to Be Incompetent by An Immigration Judge." (Dkt. #11, ¶ 192.) That policy provides that "[i]ndividuals with serious mental disorders or conditions and/or who are determined to be incompetent by an [immigration judge] will be provided necessary and appropriate treatment and monitoring while in ICE custody." (Dkt. #12-5, at 2.) Under this policy, individuals who are determined to incompetent by an immigration judge may also be lawfully released from ICE custody. (*Id*. at 13.) Moreover, if there is an "indicia of incompetency" during a removal proceeding, an

3

immigration judge must make further inquiry to determine whether petitioner is competent for purposes of immigration proceedings. *Matter of M-A-M*, 25 I. & N. Dec. 474, 484, 2011 WL 1733182, at *9 (BIA 2011). If sufficient competency is lacking, the immigration judge must "apply appropriate safeguards" *and* "articulate the rationale for his or her decision." *Id*. An immigration judge's failure to apply the "rigorous procedural requirements" established by *M-A-M* and its progeny is grounds to appeal an order of removal to the Board of Immigration Appeals, followed if necessary by a petition for review in the appropriate circuit court of appeals. *E.g., Reid v. Bondi*, 132 F.4th 109, 123, 127 (2d Cir. 2025) (vacating the BIA's decision to affirm an immigration judge's ruling on competency and remanding for further proceedings).

Petitioner is represented by counsel during his pending removal proceeding, but there is no evidence that a competency determination has been requested or, if so, the result of any determination that has been made by the immigration judge. Nor has petitioner argued that he has been denied a competency determination by an immigration judge or shown that his proceedings have been fundamentally unfair. As a result, this court cannot gauge whether he has been denied due process. Moreover, to the extent that petitioner takes issue with the failure of detention officials to afford him constitutionally adequate medical care, a habeas petition is not the proper vehicle for this type of claim, which challenges the conditions of his confinement. *See Glaus v. Anderson*, 408 F.3d 382, 387 (7th Cir. 2005) (a deliberate indifference claim can be brought as a civil rights claim but release from custody is *not* an option for those claims).

Worse, petitioner no longer appears to have a jurisdictional basis to proceed with his primary claim before that he is being improperly detained pursuant to an invalid order of removal *in absentia* or pursuant to 8 U.S.C. § 1231, which this court has already indicated does

not apply, because the statutory basis for his confinement has changed.  Accordingly, the court agrees with respondent that those claims now appear to be moot.  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (To satisfy the "case or controversy" requirement, a habeas petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision.") (internal citation omitted).

Before dismissing this proceeding without prejudice for lack of jurisdiction, however, the court will allow petitioner an opportunity to reply with any argument as to a jurisdictional basis for this court to hear his case or, alternatively, to seek any available relief in the jurisdiction where he is now in custody.

ORDER

IT IS ORDERED THAT petitioner Kaysone Saly, by and through his legal guardian, Jaysen Saly, shall have until July 1, 2026, to reply to respondent's argument that his case must be dismissed without prejudice for lack of jurisdiction.

Entered this 24th day of June, 2026.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

5